# EXHIBIT A

## 465 OCEAN LAND TRUST

This TRUST AGREEMENT dated the __4__ day of February, 2020, and known as the *465 OCEAN LAND TRUST* by and between Brian D. Smith, Esq., as Trustee, and the beneficiaries named in the Statement of Beneficiaries, which is attached as Exhibit A, in the percentages set forth therein.

1. TRUST. The Trustee shall take title to the real estate stated in Paragraph 2 under the provisions of Florida Stat. 689.071, and he agrees to hold it and the earnings, proceeds, profits, and any other benefits thereof, if any, which may come into his possession, in Trust for the uses and purposes set forth under this Trust. In the event of any conflict between the provisions of this Trust and Fla. Stat. 689.071, Fla. Stat. 689.071 shall be controlling.

2. LAND. The Trustee shall take title to land located in Miami-Dade County, Florida and more particularly described in Exhibit B.

3. BENEFICIARIES INTEREST. The interests of the beneficiaries of this Trust and any person who becomes entitled to any interest under this Trust shall consist solely of a power of direction to deal with the title to said property and to manage and control said property as hereinafter provided and the right to receive the proceeds from rentals, mortgages, sales or other dispositions which shall be deemed to be personal property and may be treated, assigned and transferred as such. No beneficiary now has, or shall hereafter at any time have, any right title or interest in or to any portion of said real estate as such, either legal or equitable, but only an interest in the earnings, benefits and proceeds as aforesaid; it being the intention of this instrument to vest full legal and equitable title to said premises in the Trustee.

4. OWNERSHIP. Upon request each beneficiary shall be issued a Trust Participation Certificate in a form approved by the Trustee which shall indicate the beneficiary's percentage interest in the Trust and the land held by the Trustee.

5. ASSIGNMENT. If Trust Participation Certificates have been issued, no assignment of any beneficial interest hereunder shall be binding on the Trustee until the Trust Participation Certificate representing the assigned shares is surrendered to the Trustee with the assignment noted thereon and a new Certificate or Certificates are issued by the Trustee. If no Trust Participation Certificates have been issued, assignment shall be by an assignment form approved by the Trustee and shall not be binding until signed by the Trustee.

6. LOST CERTIFICATES. In the event a beneficiary's Trust Participation Certificate is lost, stolen or destroyed, the Trustee shall cancel it on the records of the Trust and issue a new Certificate after receiving an affidavit from the affected beneficiary.

7. PURCHASERS. It shall not be the duty of the purchaser of the trust property or any part thereof to see the application of the purchase money paid theretofore, nor shall any anyone who may deal with the Trustee be privileged or required to inquire into the necessity or expediency of

any act of the Trustee, or as to the provisions of this instrument.

8. POWERS OF TRUSTEE. While the Trustee is the sole title holder of the real estate held by him hereunder and has full power to deal with it, it is understood and agreed by the beneficiaries hereunder, and by any persons who may hereafter become interested, that the Trustee will deal with the subject property only when authorized to do so in writing by the beneficiaries and that he will, on the direction of all the beneficiaries hereunder enter into contracts and sign any and all documents necessary for the sale and conveyance of the subject property. The Trustee also has the power to collect and distribute the sales proceeds of the subject property and to execute any documents incidental to the administration of the Trust. In addition, the Trustee may, at the direction of the beneficiaries, lease or encumber the subject property and collect rents if so directed. Unless so directed by the beneficiaries, the Trustee has no power to control or influence the real property or any use of it.

9. LIMITATION ON BENEFICIARIES. No beneficiary hereunder shall have any authority to contract for or in the name of the Trustee, or use the name of the Trustee in any advertising or other publicity or to bind the Trustee personally.

10. LIMITATION OF TRUSTEE'S LIABILITY. The liability of the Trustee hereunder shall be limited to the assets of the Trust. All obligations incurred by the Trustee hereunder shall be the obligations of the Trust only and not the individual Trustee. The Trustee shall not be required to enter into any personal obligation or protect the Trust property.

11. NOTIFICATION OF CLAIMS. In the event the Trustee shall receive notice of claims or actions against the Trust, he shall notify the beneficiaries at their last known addresses.

12. TRUSTEE'S COMPENSATION: The Trustee shall be not receive an annual fee for acting in his sole capacity as trustee of this trust. However, the Trustee shall receive reasonable compensation and expense/cost reimbursements for any and all of his time and activities incurred in representing the Trust beyond his simple capacity as Trustee. This shall include but not be limited to entering into contracts and signing any and all documents necessary for the sale, mortgage or lease of the Trust property.

Further, if the Trustee is made a party to a lawsuit, for any reason, including an action for declaratory relief, he shall be reimbursed for all of his legal fees, costs and expenses including any appellate fees and costs.

The beneficiaries hereunder jointly and severally agree to pay the fees and expense/cost reimbursements hereunder and the Trustee shall have a lien on the property of the Trust for any unpaid amounts.

13. LIMITATIONS ON AGREEMENTS. This Agreement shall not be deemed to be, create or evidence the existence of a corporation or de facto or de jure or any type of business trust, or an association in the form of a corporation or general or limited partnership, or a joint venture by or between the Trustees and the beneficiaries.

14. TAXES. Nothing therein contained shall be construed as imposing any obligation on the Trustee to file any income, profit, or other tax reports or schedules, it being expressly understood that the beneficiaries hereunder from time to time will individually make all such reports and pay any and all taxes growing out of their interest under this Trust Agreement.

15. REPLACEMENT OF TRUSTEE. The Trustee may be replaced in any of the following manners:

a. Resignation. The Trustee may resign at any time by e-mailing notice of his intention to do so to each of the beneficiaries or by providing notice by certified mail to each beneficiary's last known address. In the event of such resignation the beneficiaries may appoint a successor trustee by providing an instrument with the Trustee signed by all the beneficiaries and accepted by the Successor Trustee. If no Successor Trustee is appointed within thirty (30) days, the Trustee may convey the Trust property to the beneficiaries according to their interests and the Trust shall terminate.

b. Replacement. The beneficiaries may at any time for any reason replace the Trustee by giving him notice via e-mail or certified mailing notice naming a Successor Trustee, signed by all beneficiaries. Upon receipt of such instrument, the Trustee shall sign his resignation and acceptance of the Successor Trustee.

c. Death. In the event of the death of the Trustee hereunder, Jessica Richman and Zachary Apte will be automatically appointed successor trustees. Recording of an affidavit reciting this paragraph shall be effective to vest title in the successor trustee.

Any Successor Trustee under this Trust shall have all of the powers, properties and duties of the original Trustee. Any replacement of the Trustee shall not affect his first lien on the Trust property for his costs, expenses, attorney's fees and reasonable compensation.

16. RECORDING. This Trust shall not be recorded except as herein provided or required by law.

17. DISCLOSURE. The Trustee shall not release information regarding this Trust except as required by law. In making a disclosure required by law, the Trustee shall supply beneficiaries with copies of any reports filed and shall be subject to no liability for filing of such reports. The Trustee shall not be liable for inadvertent disclosure of the identity of any beneficiary.

18. PARTIES BOUND. This Agreement shall extend to and be obligatory upon the heirs, administration and assigns of the respective parties.

19. PARAGRAPH TITLES. The titles of the paragraphs are for convenience only and shall in no way be used for the purpose of construing this agreement.

20. GOVERNING LAW. This agreement and all transactions contemplated hereby, shall be governed by, construed and enforced in accordance with the laws of the State of Florida, County of Miami-Dade. The parties herein waive trial by jury and agree to submit to the personal jurisdiction and exclusive venue of a court if subject matter jurisdiction located in County in

which the property is located. In the event that litigation results from or arises out of this agreement or the performance thereof, the parties agree to reimburse the prevailing party reasonable attorney's fees, court costs and all other expenses, whether or not taxable by the court as costs, in addition to any other relief to which the prevailing party may be entitled.

THE REST OF THIS PAGE IS BLANK

IN TESTIMONY WHEREOF, said Trustee has accepted the duties of Trustee the day and year first written above and on said day the said beneficiaries have signed the Statement of Beneficiaries acknowledging and consenting to this Declaration of Trust.

Signed in the presence of:

PRINT NAME *Daisy Goetz*

PRINT NAME *Julio Perez*

465 OCEAN LAND TRUST

By: _____
BRIAN D SMITH, TRUSTEE

State of Florida
County of Miami-Dade

Acknowledged and subscribed before me by means of the __X__ physical presence or _____ online notarization by Brian D. Smith this _4th_ day of February, 2020 who is (personally) known to me or provided _____ as identification and who did/did not take an oath.

_____
NOTARY PUBLIC

DANELL VAN ORDEN
Notary Public-State of Florida
Commission # GG 332861
My Commission Expires
September 08, 2023

EXHIBIT A
SCHEDULE OF BENEFICIARIES OF THE
465 OCEAN DRIVE LAND TRUST

| BENEFICIARY INTEREST | PERCENTAGE |
|---|---|
| ZACHARY APTE | 50% |
| JESSICA RICHMAN | 50% |

The beneficiaries named above hereby approve of the terms and agree to be bound by the terms of the trust stated above.

Witness our execution of this Trust Agreement this __4__ day of February, 2020.

_____
ZACHARY APTE

_____
JESSICA RICHMAN

EXHIBIT B-SCHEDULE OF PROPERTY

The property of this trust shall consist of:

Condominium Units 315 and 316, Royal Atlantic Condominium, a Condominium according to the Declaration thereof, recorded at O.R. Book 17444 page 0389 of the Public Records of Miami-Dade County, Florida.