STEPHANIE M. HINDS (CABN 154284)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

CHRIS KALTSAS (NYBN 5460902)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    Facsimile: (415) 436-7234
    Email:  chris.kaltsas2@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>TWO CONDOMINIUMS LOCATED AT 465 OCEAN DRIVE, UNITS 315 AND 316, MIAMI BEACH, FLORIDA 33139,<br><br>    Defendants.<br><br>ZACHARY APTE,<br><br>JESSICA RICHMAN, and<br><br>465 OCEAN LAND TRUST,<br><br>    Claimants. | CASE NO. 21-CV-04060 CRB<br><br>STIPULATION OF SETTLEMENT AND [~~PROPOSED~~] ORDER |

**THIS STIPULATION OF SETTLEMENT** (the "Stipulation"), is made by and among the plaintiff United States of America (the "United States") and claimants Dr. Zachary Apte, Dr. Jessica

Richman, and the 465 Ocean Land Trust (collectively, "Claimants" and with the United States, the "Parties"), through their counsel of record, to resolve their claimed interest in the following property:

    a.    465 Ocean Drive, Unit 315, Miami Beach, Florida 33139
          (Assessor's Parcel Number: 02-42-03-097-0280), specifically described as:

        Unit 315 of Royal Atlantic, a condominium according to the Declaration of Condominium therefor, recorded in Official Records Book 6131, Page 416 of the Public Records of Miami-Dade County, Florida, and any amendments thereto, together with its undivided share in common elements.

    b.    465 Ocean Drive, Unit 316, Miami Beach, Florida 33139
          (Assessor's Parcel Number: 02-42-03-097-0290), specifically described as:

        Unit 316 of Royal Atlantic, a condominium according to the Declaration of Condominium therefor, recorded in Official Records Book 6131, Page 416 of the Public Records of Miami-Dade County, Florida, and any amendments thereto, together with its undivided share in common elements.

(hereinafter, the "Defendant Properties").

1. On March 18, 2021, Claimants Apte and Richman were charged in a criminal indictment, *United States v. Apte, et al*, Case No. 21-CR 116 (N.D. Cal.), which, *inter alia*, seeks the criminal forfeiture of the Defendant Properties, or substitute *res* derived therefrom (the "Criminal Action").

2. On May 27, 2021, the United States filed a verified complaint for civil forfeiture *in rem* against the Defendant Properties (the "Civil Forfeiture Action"). Dkt. 1. The Civil Forfeiture Action asserts certain similar and overlapping allegations as those asserted against Claimants Apte and Richman in the Criminal Action.

3. The Court granted Claimants' motion to dismiss Civil Forfeiture Action complaint on August 26. 2021. Dkt. 34. The United States filed an amended verified complaint for civil forfeiture *in rem* against the Defendant Properties on September 24, 2021. Dkt. 35. The United States provided notice to the Claimants, who are the only identifiable claimants to the Defendant Properties.

4. Claimants filed timely statements of claim to the Defendant Properties, stating that Dr. Apte and Dr. Richman are each fifty percent beneficiaries of a Florida land trust named the 465 Ocean Land Trust, dated February 4, 2020, which holds the Defendant Properties in trust. Dkt. 15, 17-18, 45-47.

5.      On October 18, 2021, the United States filed a motion to strike the Claimants' claims pursuant to the fugitive disentitlement doctrine and for lack of standing. Dkt. 40. On November 15, 2021, Claimants filed a motion to dismiss government's first amended verified complaint for civil forfeiture and a memorandum in opposition to the United States' motion to strike their claims. Dkt. 53. Claimants deny they engaged in unlawful conduct and deny that the Defendant Properties are subject to forfeiture, whereas the United States asserts that the Defendant Properties are subject to forfeiture pursuant to Title 18, United States Code, Section 981.

6.      The Parties enter this Stipulation to sell the Defendant Properties and settle the litigation relating to the Defendant Properties. In entering this Stipulation, the Parties make no admissions regarding the forfeitability of the Defendant Properties. The Claimants continue to assert that the Defendant Properties are not subject to forfeiture. The Government claims the Defendant Properties are subject to forfeiture. The Parties agree that this Stipulation is governed by Federal Rule of Evidence 408(a)(1). The United States disavows any right to argue that any statements made in connection with this proceeding or related to the negotiation of this stipulation are admissible in any proceeding whatsoever, including under Federal Rule of Evidence 408(a)(2).

7.      The Parties agree that the resolution of the forfeiture action is based solely on the terms articulated in this Stipulation. The Parties hereby affirm that they enter this Stipulation freely and voluntarily. The Parties further agree that there are no express or implied terms or conditions of settlement, whether oral or written, other than those set forth in this Stipulation. The Parties further agree that this Stipulation shall not be enforceable until executed by all Parties and upon entry of an Order by the Court approving of this Stipulation in a form substantially similar to the Proposed Order attached as Exhibit A hereto. The Parties further agree that this Stipulation shall not be modified or supplemented except in a separate writing signed by the Parties and filed on the Court's docket. The Parties further agree that this Stipulation may be executed in multiple counterparts, each of which shall be deemed an original and all of which shall constitute one agreement.

8.      Pursuant to this Stipulation, the Parties agree to the immediate sale of the Defendant Properties and the division of the proceeds derived therefrom. The United States agrees that it will lift its

*lis pendens* on the Defendant Properties to effectuate their sale and will release any other liens and encumbrances held by the United States or its agencies against the Defendant Properties.

9. The Parties agree that all customary seller-side transaction expenses, including but not limited to real estate brokerage fees, property tax proration and adjustments, title insurance, transfer taxes, real estate attorney's fees, escrow fees, and real estate commissions (the "Cost of Sale"), the payoff of all third-party liens and encumbrances, and all other ordinary transaction fees and expenses, as well as all maintenance fees and expenses that accrue from the date of this Stipulation to the date of sale, including but not limited to home owner association dues, insurance premiums and costs of maintenance, shall be paid/reimbursed from proceeds derived from the sale of the Defendant Properties to obtain the Defendant Properties' net sale proceeds (the "net proceeds"). The Parties agree that the net proceeds derived from the sale of the Defendant Properties will constitute "substitute *res*."

10. The Parties agree that fifty-five percent (55%) of the substitute *res* shall be remitted to Drs. Apte and Richman in co-equal amounts of 27.5% each as their separate property at the time of the closing effectuating the sale of the Defendant Properties (the "non-forfeited substitute *res*"). The Parties agree that the remaining substitute *res* shall be forfeited to the United States pursuant to Title 18, United States Code, Sections 981(a)(1)(A) and 981(a)(1)(C) (hereinafter, the "forfeited substitute *res*"). Claimants agree to relinquish any claim to the right, title, and interest in the forfeited substitute *res*, and further agree that the forfeited substitute *res* shall be forfeited to the United States and disposed of according to law.

11. The United States disavows any claim, right, title or interest in the non-forfeited substitute *res* and further agrees to take all necessary action to ensure that the non-forfeited substitute *res* shall be remitted to Drs. Apte and Richman at the time of the closing in the manner and to the account of their direction, without limitation, consistent with the terms of this Stipulation. The United States represents that it is unaware of any existing or potential material impediment to the payment of the non-forfeited substitute *res* to Drs. Apte and Richman consistent with the terms of this Stipulation.

12. The Parties agree that the sale of the Defendant Properties will be conducted on the open market with the assistance of a real estate sales agent selected by Claimants but retained by the U.S.

Marshal's Service, and that Claimants jointly shall have the right to accept and reject offers.

13. The United States agrees that, upon receipt of the forfeited substitute *res*, it will file a notice of satisfaction of monetary penalties in this action consistent with the draft notice attached hereto as Exhibit B. The United States further agrees that it will file a Bill of Particulars in the related Criminal Action that will strike the Defendant Properties from the forfeiture allegation in the Indictment (Dkt. 1), and that the United States will not include the Defendant Properties in any superseding indictments or civil actions brought against the Claimants. The United States acknowledges that upon receipt of the forfeited substitute *res*, it shall have no claim, right, title or interest whatsoever in the remaining non-forfeited substitute *res*.

14. Claimants agree and stipulate to the waiver of any further personal notice concerning the forfeiture of the Defendant Properties. Upon the execution of this stipulation, the United States agrees to provide the Claimants' counsel of record in this case any notice to which the Claimants would have otherwise been entitled under applicable statutes or rules of procedure.

15. The Parties agree that the Court shall retain jurisdiction to enforce the terms of this Stipulation.

16. Claimants agree to release, indemnify, and hold harmless the United States, as well as any officers, agents, and employees, past or present, of the United States, including but not limited to the United States Department of Justice; the United States Attorney's Office for the Northern District of California; the Federal Bureau of Investigation; and the Department of Defense, Office of the Inspector General (the "Released Parties") from and against any and all civil claims for damages, injunctive relief, or other equitable remedies or causes of action in connection with: (1) the filing of *lis pendens* against the Defendant Properties; (2) the filing and prosecution of this *in rem* civil forfeiture action against the Defendant Properties; or (3) the negotiation of this Stipulation of Settlement (the "Released Matters") to the extent that the Released Parties' actions conform to the usual practices of such agencies and agents in the normal course of business. Claimants do not waive or otherwise release and, instead, expressly maintain, any and all claims, causes of action, arguments or defenses of every kind and nature whatsoever that Claimants may have against the Released Parties, based upon the U.S. Constitution,

statute or common law, at law or in equity, known or unknown, which Claimants have had, now have or will have in any and all matters, other than the Released Matters, including without limitation matters associated with the Criminal Action or the investigation of the allegations asserted in the Criminal Action.

17. Claimants agree that this Stipulation does not prohibit the United States' ability to continue pursuing criminal charges or civil forfeiture complaints concerning any activity related or unrelated to the conduct described in the Amended Complaint, excluding any forfeiture claim, civil or criminal, related to the Defendant Properties or the non-forfeited substitute *res*. The United States relinquishes any claim, right, title or interest in the non-forfeited substitute *res*, including any claim that the non-forfeited substitute *res* constitutes substitute property pursuant to 21 U.S.C. § 853(p) (as incorporated by 28 U.S.C. § 2461(c)).

18. The parties agree that each party shall pay its own attorneys' fees and costs. However, in the event there is a subsequent civil proceeding to enforce this Stipulation and the Claimants substantially prevail in that subsequent proceeding, the United States shall be liable for the Claimants' reasonable attorney fees and other litigation costs reasonably incurred in that subsequent proceeding.

IT IS SO STIPULATED:

Dated: _____

ZACHARY APTE
Claimant

Dated: _____

JESSICA RICHMAN
Claimant

Dated: _____

GABRIEL CERIOTTI
Trustee of Claimant 465 Ocean Land Trust

Dated: _____

W. DOUGLAS SPRAGUE
Attorney for Claimant Zachary Apte

STIPULATION OF SETTLEMENT AND [PROPOSED] ORDER
NO. 3:21-CV-04060 CRB
US.352939548.01

1
2  Dated:
3                                                  _____
                                                   JOEL HAMMERMAN
4                                                  Attorney for Claimant Jessica Richman

5  Dated:
6                                                  _____
                                                   ANTHONY JOHN BRASS
7                                                  Attorney for Claimant 465 Ocean Land Trust

8  Dated:
9                                                  _____
                                                   CHRIS KALTSAS
10                                                 Assistant United States Attorney
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

STIPULATION OF SETTLEMENT AND [~~PROPOSED~~] ORDER
NO. 3:21-CV-04060 CRB
US.352939548.01

# [~~PROPOSED~~] ORDER

The Court, having considered the Stipulation of Settlement, with the Stipulation having been executed by the United States, each Claimant and each Claimant's counsel, and good cause appearing, hereby ORDERS as follows:

1. The Defendant Properties shall be sold, with all customary seller-side transaction costs and all ordinary fees and expenses associated with the Defendant Properties that are incurred from the date of this Stipulation to the date of sale paid from proceeds derived from the sale of the Defendant Properties, in order to obtain the Defendant Properties' net sale proceeds, which shall constitute "substitute *res*";

2. Claimants Zachary Apte, Jessica Richman shall be remitted fifty-five percent (55%) of the substitute *res* (in co-equal amounts of 27.5% each as their separate property), at the time of the closing effectuating the sale of the Defendant Properties;

3. Claimants Zachary Apte, Jessica Richman, and 465 Ocean Land Trust are hereby ORDERED to FORFEIT the remaining substitute *res* to the United States;

4. IT IS FURTHER ORDERED that this action be, and hereby is, DISMISSED with prejudice and that the Court shall retain jurisdiction to enforce the terms of the Parties' Stipulation of Settlement.

IT IS SO ORDERED.

Dated: January 4, 2023

HON. CHARLES R. BREYER
United States District Judge

statute or common law, at law or in equity, known or unknown, which Claimants have had, now have or will have in any and all matters, other than the Released Matters, including without limitation matters associated with the Criminal Action or the investigation of the allegations asserted in the Criminal Action.

17. Claimants agree that this Stipulation does not prohibit the United States' ability to continue pursuing criminal charges or civil forfeiture complaints concerning any activity related or unrelated to the conduct described in the Amended Complaint, excluding any forfeiture claim, civil or criminal, related to the Defendant Properties or the non-forfeited substitute *res*. The United States relinquishes any claim, right, title or interest in the non-forfeited substitute *res*, including any claim that the non-forfeited substitute *res* constitutes substitute property pursuant to 21 U.S.C. § 853(p) (as incorporated by 28 U.S.C. § 2461(c)).

18. The parties agree that each party shall pay its own attorneys' fees and costs. However, in the event there is a subsequent civil proceeding to enforce this Stipulation and the Claimants substantially prevail in that subsequent proceeding, the United States shall be liable for the Claimants' reasonable attorney fees and other litigation costs reasonably incurred in that subsequent proceeding.

IT IS SO STIPULATED:

Dated: 11/12/2022

_____
ZACHARY APTE
Claimant

Dated:

_____
JESSICA RICHMAN
Claimant

Dated:

_____
GABRIEL CERIOTTI
Trustee of Claimant 465 Ocean Land Trust

Dated:

_____
W. DOUGLAS SPRAGUE
Attorney for Claimant Zachary Apte

STIPULATION OF SETTLEMENT AND [PROPOSED] ORDER
NO. 3:21-CV-04060 CRB
US.352939548.01

statute or common law, at law or in equity, known or unknown, which Claimants have had, now have or will have in any and all matters, other than the Released Matters, including without limitation matters associated with the Criminal Action or the investigation of the allegations asserted in the Criminal Action.

17. Claimants agree that this Stipulation does not prohibit the United States' ability to continue pursuing criminal charges or civil forfeiture complaints concerning any activity related or unrelated to the conduct described in the Amended Complaint, excluding any forfeiture claim, civil or criminal, related to the Defendant Properties or the non-forfeited substitute *res*. The United States relinquishes any claim, right, title or interest in the non-forfeited substitute *res*, including any claim that the non-forfeited substitute *res* constitutes substitute property pursuant to 21 U.S.C. § 853(p) (as incorporated by 28 U.S.C. § 2461(c)).

18. The parties agree that each party shall pay its own attorneys' fees and costs. However, in the event there is a subsequent civil proceeding to enforce this Stipulation and the Claimants substantially prevail in that subsequent proceeding, the United States shall be liable for the Claimants' reasonable attorney fees and other litigation costs reasonably incurred in that subsequent proceeding.

IT IS SO STIPULATED:

Dated:

_____
ZACHARY APTE
Claimant

Dated: Nov 12, 2022

_____
JESSICA RICHMAN
Claimant

Dated:

_____
GABRIEL CERIOTTI
Trustee of Claimant 465 Ocean Land Trust

Dated:

_____
W. DOUGLAS SPRAGUE
Attorney for Claimant Zachary Apte

STIPULATION OF SETTLEMENT AND [PROPOSED] ORDER
NO. 3:21-CV-04060 CRB
US.352939548.01

statute or common law, at law or in equity, known or unknown, which Claimants have had, now have or will have in any and all matters, other than the Released Matters, including without limitation matters associated with the Criminal Action or the investigation of the allegations asserted in the Criminal Action.

17. Claimants agree that this Stipulation does not prohibit the United States' ability to continue pursuing criminal charges or civil forfeiture complaints concerning any activity related or unrelated to the conduct described in the Amended Complaint, excluding any forfeiture claim, civil or criminal, related to the Defendant Properties or the non-forfeited substitute *res*. The United States relinquishes any claim, right, title or interest in the non-forfeited substitute *res*, including any claim that the non-forfeited substitute *res* constitutes substitute property pursuant to 21 U.S.C. § 853(p) (as incorporated by 28 U.S.C. § 2461(c)).

18. The parties agree that each party shall pay its own attorneys' fees and costs. However, in the event there is a subsequent civil proceeding to enforce this Stipulation and the Claimants substantially prevail in that subsequent proceeding, the United States shall be liable for the Claimants' reasonable attorney fees and other litigation costs reasonably incurred in that subsequent proceeding.

IT IS SO STIPULATED:

Dated: _____

ZACHARY APTE
Claimant

Dated: _____

JESSICA RICHMAN
Claimant

Dated: Nov. 14, 2022

GABRIEL CERIOTTI
Trustee of Claimant 465 Ocean Land Trust

Dated: _____

W. DOUGLAS SPRAGUE
Attorney for Claimant Zachary Apte

STIPULATION OF SETTLEMENT AND [PROPOSED] ORDER
NO. 3:21-CV-04060 CRB
US.352939548.01

statute or common law, at law or in equity, known or unknown, which Claimants have had, now have or will have in any and all matters, other than the Released Matters, including without limitation matters associated with the Criminal Action or the investigation of the allegations asserted in the Criminal Action.

17. Claimants agree that this Stipulation does not prohibit the United States' ability to continue pursuing criminal charges or civil forfeiture complaints concerning any activity related or unrelated to the conduct described in the Amended Complaint, excluding any forfeiture claim, civil or criminal, related to the Defendant Properties or the non-forfeited substitute *res*. The United States relinquishes any claim, right, title or interest in the non-forfeited substitute *res*, including any claim that the non-forfeited substitute *res* constitutes substitute property pursuant to 21 U.S.C. § 853(p) (as incorporated by 28 U.S.C. § 2461(c)).

18. The parties agree that each party shall pay its own attorneys' fees and costs. However, in the event there is a subsequent civil proceeding to enforce this Stipulation and the Claimants substantially prevail in that subsequent proceeding, the United States shall be liable for the Claimants' reasonable attorney fees and other litigation costs reasonably incurred in that subsequent proceeding.

IT IS SO STIPULATED:

Dated: _____

ZACHARY APTE
Claimant

Dated: _____

JESSICA RICHMAN
Claimant

Dated: _____

GABRIEL CERIOTTI
Trustee of Claimant 465 Ocean Land Trust

Dated: 11/17/2022

*/s/ W. Douglas Sprague*
W. DOUGLAS SPRAGUE
Attorney for Claimant Zachary Apte

1
2  Dated: Nov. 16, 2022

                                                                       JOEL HAMMERMAN
3
4                                                                         Attorney for Claimant Jessica Richman

5  Dated:

6
7                                                                         ANTHONY JOHN BRASS
                                                                       Attorney for Claimant 465 Ocean Land Trust

8  Dated:

9
10                                                                         CHRIS KALTSAS
                                                                       Assistant United States Attorney

1
2  Dated:
3
                                            _____
                                            JOEL HAMMERMAN
4                                           Attorney for Claimant Jessica Richman
5  Dated: 11/15/22
                                            _____/s/ Tony Brass_____
6                                           ANTHONY JOHN BRASS
                                            Attorney for Claimant 465 Ocean Land Trust
7
8  Dated:
9                                           _____
                                            CHRIS KALTSAS
                                            Assistant United States Attorney
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

STIPULATION OF SETTLEMENT AND [PROPOSED] ORDER
NO. 3:21-CV-04060 CRB
US.352939548.01

Dated:

_____
JOEL HAMMERMAN
Attorney for Claimant Jessica Richman

Dated:

_____
ANTHONY JOHN BRASS
Attorney for Claimant 465 Ocean Land Trust

Dated: December 30, 2022

_____
CHRIS KALTSAS
Assistant United States Attorney

STIPULATION OF SETTLEMENT AND [PROPOSED] ORDER
NO. 3:21-CV-04060 CRB
US.352939548.01

# Exhibit B

```
STEPHANIE M. HINDS (CABN 154294)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

CHRIS KALTSAS (NYBN 5460902)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: 415.436.7200
    Fax: 415.436.7432
    Chris.Kaltsas2@usdoj.gov

Attorneys for United States of America
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> TWO CONDOMINIUMS LOCATED AT 465 OCEAN DRIVE, UNITS 315 AND 316, MIAMI BEACH, FLORIDA 33139, <br><br> Defendants. <br><br> ZACHARY APTE, <br><br> JESSICA RICHMAN, and <br><br> 465 OCEAN LAND TRUST, <br><br> Claimants. | CASE NO. 21-CV-04060 CRB <br><br> SATISFACTION OF MONETARY PENALTIES |

The monetary obligation imposed by this Court on _____, 2023, and the Order of Forfeiture entered in the above-entitled case against claimants Dr. Zachary Apte, Dr. Jessica Richman, and the 465 Ocean Land Trust (collectively, "Claimants"), having been paid in full, the Clerk of the

SATISFACTION OF MONETARY PENALTIES    1
CV 21-04060 CRB

United States District Court for the Northern District of California, is hereby authorized and empowered to satisfy the condition in the sentence ordering forfeiture to the United States in the amount of specified in the Stipulation of Settlement filed at Docket Number ___.

DATED:                                                  Respectfully submitted,

                                                        STEPHANIE M. HINDS
                                                        United States Attorney


                                                        _____
                                                        CHRIS KALTSAS
                                                        Assistant United States Attorney